# THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 23-03060-01-CR-S-BP |
| **MERLE G. DANIELS,** | ) |
| **Defendant.** | ) |

## ORDER

After the United States moved for pretrial detention, a hearing was held in this matter pursuant to 18 U.S.C. § 3142(f). The defendant was present personally and was represented by counsel Megan Chalifoux, Assistant Federal Public Defender. The United States was represented by Jim Kelleher, Assistant United States Attorney.

An indictment has been returned alleging that the defendant committed an offense involving a minor victim. There exists therefore a rebuttable presumption that there are no conditions which would reasonably assure appearances at all proceedings, as required, and the safety of other persons and/or the community. *See* 18 U.S.C. § 3142(e)(3)(E). Based on the evidence presented at the hearing, there are no conditions that the Court can impose that would reasonably assure the defendant's appearance at all scheduled hearings and the safety of other persons or the community.

The factors to be considered by the Court in determining whether the defendant should be detained pending trial are enumerated in section 3142(g). The Court has already noted that this case involves a minor victim. The evidence at the detention hearing established that the weight of the evidence against defendant is overwhelming.

Regarding the potential for failure to appear, the Court notes the offense charged, defendant's lack of verifiable, legitimate employment, and lack of a verifiable and suitable home plan. The Court also notes defendant's criminal history which includes criminal activity while under supervision.

Regarding potential danger to the community, the Court notes the nature of the instant offense and defendant's lack of a suitable and verifiable home plan. The Court notes that the charge involves a sex offense, a child, and use of a computer to facilitate the alleged offense. The Court also notes defendant's criminal history which includes, but is not limited to, the following: prior arrests and convictions; history involving a sex offense; violent behavior history; criminal activity while under supervision; history involving violence; and pattern of similar criminal activity history.

Based on all the foregoing, the Court finds by a preponderance of the evidence that the defendant is a risk of flight and finds by clear and convincing evidence that the defendant is a danger to the community.

**IT IS THEREFORE ORDERED** that the defendant be and is hereby detained without bail.

**IT IS FURTHER ORDERED** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a correction

facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

**DATED: December 26, 2023**

     /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**